UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ERIC ANTHONY TILLMAN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:21-cv-00039-JPH-DLP |
| | ) |
| BUREAU OF PRISONS, et al. | ) |
| | ) |
| Respondents. | ) |

**ENTRY DISMISSING ACTION AND DIRECTING ENTRY OF FINAL JUDGMENT**

Eric Tillman has filed a petition for a writ of habeas corpus. As a federal prisoner, Mr. Tillman's petition necessarily proceeds under 28 U.S.C. § 2241.

Mr. Tillman's petition does not challenge the criminal conviction or sentence for which he is imprisoned. It does not challenge his conviction in a prison disciplinary action that resulted in a loss of good time credit. Indeed, it does not challenge the fact or duration of his sentence in any way.

Instead, Mr. Tillman asserts that Lieutenant J. Sims wrongly "put a threat assessment on" him and that his "public safety factor" and security classification are incorrect as a result. Dkt. 1. This makes Mr. Tillman eligible for an unwanted transfer to a different prison. *Id.*

A prisoner may petition for a writ of habeas corpus to seek either immediate or earlier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484–88 (1973). "If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held," habeas corpus is not available to him. *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). A prisoner "requests either a 'quantum change in the level of custody,' which must be addressed by habeas corpus, or 'a different program or location or environment,' which raises a civil rights

1

claim." *Id.* at 388 (quoting *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir.1991))."[C]hanges in levels of security within a prison, or changes from one prison to another, . . . cannot be attacked using the habeas corpus statutes." *Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002).

Therefore, "it plainly appears from the petition" that Mr. Tillman "is not entitled to relief in the district court." *Rules Governing Section 2254 Cases in the United States District Courts*, § 4. Rule 4 therefore requires the court to "dismiss the petition and direct the clerk to notify the petitioner." *Id.*

This action is **dismissed** pursuant to Rule 4 for **lack of jurisdiction**. The **clerk is directed** to enter **final judgment** consistent with this Entry.

**SO ORDERED.**

Date: 1/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC ANTHONY TILLMAN, JR.
54952-039
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808